**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4725
_____

ROSA PATRICIA ANGUISACA,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A079-701-589)
Immigration Judge:  Honorable Henry S. Dogin

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 13, 2010
Before:  SLOVITER, JORDAN and GREENBERG,  Circuit Judges

(Opinion filed: October 15, 2010)
_____

OPINION
_____

PER CURIAM

    Rosa Patricia Anguisaca petitions for review of a decision of the Board of

Immigration Appeals (BIA).  For the reasons below, we will deny the petition for review.

    Anguisaca, a native of Ecuador, entered the United States in 1992.  In 2002, she

was charged as removable as an alien who entered without a valid entry document. She applied for cancellation of removal and voluntary departure. In a decision dated March 20, 2007, the IJ found Anguisaca removable and denied her applications for cancellation of removal and voluntary departure. In a July 2008 decision, the BIA agreed with the IJ that Anguisaca had not demonstrated that her removal would cause exceptional and extremely unusual hardship to her United States citizen husband and children. Anguisaca did not file a petition for review of the BIA's decision.

On June 1, 2009, Anguisaca filed a motion to reopen with the BIA. She argued that her prior counsel did not receive a briefing schedule or the BIA's July 2008 decision. She requested that the BIA reissue its decision so that she could file a petition for review or reopen its decision to address errors on the part of the IJ with respect to her application for cancellation of removal. The BIA determined that the motion to reopen was untimely and that Anguisaca was not entitled to equitable tolling. Anguisaca filed a timely petition for review.

We have jurisdiction under 8 U.S.C. § 1252. We review the denial of a motion to reopen for an abuse of discretion. Filja v. Gonzales, 447 F.3d 241, 251 (3d Cir. 2006). Under this standard, we will reverse the BIA's decision only if it is "arbitrary, irrational, or contrary to law." Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002). The BIA's factual determinations must be upheld if they are supported by substantial evidence. Liu v. Attorney General, 555 F.3d 145, 148 (3d Cir. 2009). Under the substantial evidence

standard, the BIA's findings can be rejected only if "any reasonable adjudicator would be compelled to conclude to the contrary." Id. (quoting INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992)).

An alien may file a motion to reopen with the BIA "within 90 days of the date of entry of a final administrative order of removal." 8 U. S. C. § 1229a(c)(7)(C)(i). We have held that the deadline for motions to reopen may be equitably tolled on the basis of ineffective assistance of counsel. See Mahmood v. Gonzales, 427 F. 3d 248, 251 (3d Cir. 2005). In Mahmood, we concluded that the alien's claims of ineffective assistance of counsel were sufficient to provide a basis for equitable tolling but that the alien had not acted with diligence. We noted that equitable tolling is an extraordinary remedy. Id. at 253.

Citing Mahmood, the BIA addressed whether Anguisaca was entitled to equitable tolling even though she had not alleged ineffective assistance of counsel. The BIA determined that Anguisaca was not entitled to equitable tolling because she had not acted with reasonable diligence upon learning of the BIA's decision. It noted that Anguisaca learned of the BIA's decision in January 2009 but did not file her motion to reopen until June 2009.

In her brief, Anguisaca states that she consulted with her current counsel at the end of January 2009. She contends that her counsel needed to receive and review the file before he could determine that neither Anguisaca nor her counsel received the briefing

3

schedule or the BIA's decision. She asserts that it was not until May 2009 that she was able to contact prior counsel to sign an affidavit stating that he had not received the briefing schedule or BIA's decision.[1] However, these facts were not presented to the BIA in the motion to reopen. Anguisaca did not argue for equitable tolling or discuss the timeliness of the motion at all. Because the facts Anguisaca argues to support her argument for equitable tolling were not presented to the BIA in the motion to reopen, we cannot conclude that the BIA abused its discretion in denying her motion to reopen on the ground that she had not acted with reasonable diligence.

Anguisaca also argues that her rights to due process were violated by the BIA's failure to serve her with a briefing schedule or its July 2009 decision. However, Anguisaca has not shown that she was denied due process by the BIA with respect to her motion to reopen. She had the opportunity to present her arguments and evidence in support of her motion and the BIA considered and rejected them. We need not address her arguments alleging bias by the IJ and mistakes in the transcription of the hearing as the IJ's decision is not before us.[2] Stone v. INS, 514 U.S. 386, 405 (1995); Nocon v. INS,

---

[1] In her petition for review, Anguisaca stated that she learned of the BIA's decision in late January 2009 but that it took two months to receive the record and until April 2nd to obtain an affidavit from prior counsel. The affidavit by counsel is dated April 2, 2009. A.R. at 48. She asserted that it took until May 2009 to get an affidavit from an expert witness regarding the conditions in Ecuador.

[2] We note that in her notice of appeal to the BIA from the IJ's decision, Anguisaca argued that the IJ's decision was legally and factually flawed but did not assert any allegations of bias or transcription errors. A.R. at 148.

789 F.2d 1028, 1033-34 (3d Cir. 1986).

For the above reasons, we will deny the petition for review.